**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eva Lynn Mayfield,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan; et al.,<br><br>　　　　Respondents. | No. CIV 13-946-TUC-DCB (LAB)<br><br>**REPORT AND RECOMMENDATION** |

　　　　Pending before the court is an amended petition for writ of habeas corpus filed on December 27, 2013, by Eva Lynn Mayfield, an inmate confined in the Arizona State Prison Complex in Goodyear, Arizona.  (Doc. 9)

　　　　Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Bowman for report and recommendation.  LRCiv 72.2(a)(2).

　　　　The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the petition.  It is time-barred.


　　　　Summary of the Case

　　　　Mayfield was convicted after a jury trial of "first-degree murder, first-degree burglary, three counts of aggravated assault, and four counts of kidnapping."  (Doc. 16-2, p. 48)  The trial court sentenced Mayfield to "prison terms totaling natural life plus forty-two years."  *Id.*, p. 49

　　　　On direct appeal, Mayfield challenged "the trial court's denial of her motion to suppress evidence, its denial of her motion for a judgment of acquittal, its refusal to admit medical

1 records, its admission of other act evidence, and its refusal to admit a witness's written plea
2 agreement." *Id*.

3       The Arizona Court of Appeals affirmed Mayfield's convictions and sentences on
4 November 14, 2005. (Doc. 16-2, p. 48) The Arizona Supreme Court denied Mayfield's petition
5 for review on May 23, 2006. (Doc. 16-3, p. 14) It does not appear that Mayfield filed a petition
6 for review with the U.S. Supreme Court.

7       On July 6, 2006, Mayfield filed notice of post-conviction relief. (Doc. 16-3, p. 19)
8 Appointed counsel was unable to find any meritorious issues, so the court gave Mayfield an
9 opportunity to file a petition pro se. (Doc. 16-3, pp. 25-28) When Mayfield failed to file a
10 timely petition, the trial court dismissed the post-conviction relief proceedings on March 21,
11 2007. (Doc. 16-3, p. 37)

12       Over four years later, on September 8, 2011, Mayfield filed a second notice of post-
13 conviction relief. (Doc. 16-3, p. 40) The trial court denied Mayfield's petition on September
14 28, 2012, holding that her claim of ineffective assistance of trial counsel was waived and, in the
15 alternative, meritless. (Doc. 16-4, pp. 2-8)

16       On December 24, 2012, Mayfield filed a third notice of post-conviction relief arguing
17 her post-conviction relief attorney was ineffective for failing to argue that a witness, previously
18 unavailable, has been found and she is entitled to relief pursuant to *Martinez v. Ryan*. (Doc. 16-
19 4, p. 10, pp. 17-18) The trial court dismissed the notice on February 4, 2013. (Doc. 16-4, p. 17)
20 The Arizona Court of Appeals granted review but denied relief on May 22, 2013. (Doc. 16-4,
21 p. 28)

22       On August 15, 2013, Mayfield filed in this court a petition for writ of habeas corpus
23 pursuant to 28 U.S.C. § 2254. (Doc. 1) She filed the pending amended petition on December
24 27, 2013. (Doc. 9) She claims (1) she was arrested without a warrant, (2) her medical records
25 should have been admitted at trial, (3) trial counsel was ineffective for agreeing to consolidate
26 two cases against her, and (4) the evidence was insufficient to support her conviction for felony
27 murder. (Doc. 9)

28

On July 10, 2013, the respondents filed an answer arguing among other things that the petition is time-barred. (Doc. 16) Mayfield did not file a reply. The respondents are correct. The petition is time-barred.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The petition, however, must be filed within the applicable statute of limitations or it will be dismissed. The statute of limitations reads in pertinent part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d). The "one-year statute of limitations . . . applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th Cir. 2012).

The limitation period for each of Mayfield's claims was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The Arizona Court of Appeals affirmed Mayfield's convictions and sentences on November 14, 2005. (Doc. 16-2, p. 48) The Arizona Supreme Court denied Mayfield's petition for review on May 23, 2006. (Doc. 16-3, p. 14) Mayfield then had 90 days to petition the U.S. Supreme Court for review. Sup. Ct. R. 13. When she did not do so, her judgment became final. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

The one-year limitation period did not begin to run immediately because Mayfield was pursuing post-conviction relief. *See* 28 U.S.C. § 2244(d)(2). Tolling pursuant to § 2244(d)(2)

continued until the trial court dismissed the post-conviction relief proceedings on March 21, 2007. (Doc. 16-3, p. 37); *see also Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (tolling applies to a properly filed notice even if a petition is never filed), *cert. denied*, 555 U.S. 829 (2008). The limitation period began running the next day and expired one year later on March 21, 2008. Approximately five years later, on August 15, 2013, she filed her original petition in this court. Her amended petition, which relates back to the filing date of her original petition, is time-barred.

Mayfield argues her petition is timely because it was filed within one year of the date the Arizona Court of Appeals denied her petition for review of the trial court's decision dismissing her third post-conviction relief notice. (Doc. 9, p. 11) She is incorrect. The limitation period expired on March 21, 2008. The period was not renewed when Mayfield filed her subsequent notice of post-conviction relief. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Mayfield did not file a reply arguing she is entitled to equitable tolling.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order Dismissing the amended petition for writ of habeas corpus. (Doc. 9) It is time-barred.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response.

DATED this 17th day of September, 2014.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge